Attorneys—Lucas & Keating for Hooker Co.; Harry Kohn for Mortgage Co.; all of Columbus.

----

No. 681

KIRSCHNER v. SZABO et.

Ohio Appeals, 9th Dist., Lorain Co.
No. 415. Decided June 13, 1927.

755. MECHANIC'S LIENS — 1. Where claimant fails to comply with statute in furnishing owner with verified statements, and fails to file lien within time provided by statute, he is not entitled to lien.

2. Where work done is mere subterfuge for purpose of filing lien after time has elapsed in which lien could be filed claimant is not entitled to lien.

Appeal from Common Pleas.
Decree for Defendant.
First Publication of this Opinion

PER CURIAM.

Kirschner filed, against Szabo and wife, a petition containing two causes of action. The first asked a money judgment against the defendants for work done in painting defendant's house; and in the second cause of action the plaintiff claimed to have perfected a lien upon the defendants' property for said claim.

The court did not render judgment upon the first cause of action, but upon the second cause of action the court found that the amount claimed by plaintiff was due and that he had a mechanic's lien upon defendant's premises for this amount. The defendants have prosecuted error and also appeal.

The second cause of action was an action in chancery and appealable, and is therefore before this court and has been submitted to us upon a transcript of the evidence taken on the trial of the case in the Court of Common Pleas.

We find that plaintiff is not entitled to a lien upon the premises, first, because he did not comply with the statute in furnishing the owner with verified statements, and second, because the lien was not filed within the time provided by statute; the work claimed to have been done on June 2nd was not done under the contract but was a mere subterfuge—clearly done for the purpose of filing a lien after the time had lapsed in which a lien could be filed and when plaintiff had done the last work on the job and had abandoned further work three months previous thereto. According to the record, he only worked three minutes on the job on June 2nd.

A decree may be entered finding that the plaintiff is not entitled to a lien upon the premises of the defendants. As to the first cause of action, as has been pointed out, no judgment was rendered, and the question of whether or not the defendants are indebted to the plaintiff is a jury issue, which cannot be determined upon appeal.

The petition in error (in case No. 418) will therefore be dismissed, and the cause remanded to the Common Pleas Court for trial upon the first cause of action.

(Washburn, PJ., Funk and Pardee, J., concur.)

Attorneys—Walter R. Harlan, Hamilton, for Kirschner; Samuel Deutsch, Elyria, for Szabo et.